Dear Ms. Hackwood:
You have requested our legal opinion on the following question:
 Can a member of this Retirement System, who works until a retirement age and who completes all the service requirements in order to be eligible for a continuing benefit from the plan (i.e. age 55 with 15 years of service), but who defers a payment of retirement benefit until a later date, receive credit for his unused sick leave in accordance with Section 104.601, RSMo?
Section 104.601, RSMo 1982, states in pertinent part as follows:
 Any member retiring under the provisions of chapter 104 or any member retiring under provisions of chapter 169, RSMo, who is a member of the public school retirement system and who is employed by a state agency other than an institution of higher learning, after working continuously until reaching retirement age, shall be credited with all his unused sick leave as certified by his employing agency. . . .
Clearly, the provisions of Section 104.601 apply only to individuals who retire. Under Section 104.380, RSMo Supp. 1982, any member of the Missouri State Employees' Retirement System may retire at the end of the month during which the member reaches normal retirement age, as normal retirement age is defined in Section 104.310(23), RSMo Supp. 1982. Any member may also retire after attaining fifty-five years of age and having had at least fifteen years of vesting service. Section 104.400.1, RSMo Supp. 1982. Your question requires us to assume that the individual has satisfied the requirements for retirement. Therefore, we must determine whether an individual who satisfies the requirements for retirement but who defers retirement benefits until a later date may receive credit for his unused sick leave.
At the outset we note that Section 104.335, RSMo Supp. 1982, authorizes vested system members to defer the payment of retirement annuities. Thus, we find a clear statutory basis for the deferral of payment of retirement benefits to which your question refers.
Section 104.601 requires that a member work "continuously until reaching retirement age. . . ." Chapter 104 does not define the phrase "retirement age." The phrase "normal retirement age" is defined in Section 104.010(23) as follows:
 [T]he later to occur of the attainment of sixty years of age for patrolmen and sixty-five years of age for all other members, or the completion of four years of creditable service;
Since the phrase "retirement age" is used instead of "normal retirement age" in Section 104.601, we may infer that the legislature intended a different meaning for "retirement age" than it established for "normal retirement age."
As set forth above, the statutes specify ages at which a member may retire, dependent upon the member's years of creditable service. Therefore, we believe the "retirement age" for any given member would be the age at which the member may retire and begin receiving benefit payments immediately.
Under our interpretation of the phrase "retirement age," an individual who attains age fifty-five having worked continuously for fifteen years will have worked continuously until "retirement age" for purposes of Section 104.601, regardless of when the individual chooses to begin receiving retirement benefits.
CONCLUSION
It is the opinion of this office that a member of the Missouri State Employees' Retirement System who works continuously until he or she is eligible to retire pursuant to Chapter 104, RSMo Supp. 1982, is entitled to credit for unused sick leave even though the member chooses to defer the payment of retirement benefits.
The foregoing opinion, which I hereby approve, was prepared by my assistant Sara Rittman.
Very truly yours,
 JOHN ASHCROFT Attorney General